1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES R. SPITZER,

                        Plaintiff,

        v.

JACK WARNER,

                        Defendant.

Case No. C25-771-JHC-MLP

REPORT AND RECOMMENDATION

## I.      INTRODUCTION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff James R. Spitzer is confined at the Monroe Correctional Complex ("MCC") in Monroe, Washington. Service has not been ordered. This Court, having reviewed Plaintiff's amended complaint and the balance of the record, concludes that Plaintiff has not stated a viable claim for relief in this action. The Court therefore recommends that Plaintiff's amended complaint (dkt. # 6) and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B).

## II.    DISCUSSION

On April 24, 2025, Plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* dkt. # 1-1.) Plaintiff alleged Defendant Jack Warner, Administrator, violated his Eighth and Fourteenth Amendment rights because for the last six months his food trays and those of others confined in the MCC Intensive Management Unit ("IMU") had been served with the lids off, resulting in fruit, condiments, and milk on his exposed food. (Dkt. # 1-1 at 5.) Plaintiff alleged the food was potentially contaminated and he suffered mental harm as a result. (*Id.*)

Upon review, this Court found Plaintiff's complaint deficient in several respects. First, it was unclear whether Plaintiff's complaint had been resolved, in whole or in part, at the administrative level. Plaintiff attached to his complaint administrative records showing that his concern had been substantiated and staff would be reminded of proper procedures. (Dkt. # 5 at 3-4.) Second, the Court noted that mere negligent conduct by a state official does not constitute a deprivation of due process rights. (*Id.* at 4.) Although Plaintiff alleged Defendant willingly or knowingly created a callous environment, the administrative responses he attached contradicted his allegations. (*Id.*) Finally, the Court observed that the only harm Plaintiff identified—that his food might be potentially contaminated—was speculative and thus failed to state a claim. (*Id.*) The Court declined to serve Plaintiff's complaint and granted him leave to file an amended complaint correcting these deficiencies. (*Id.* at 4-5.)

On June 16, 2025, Plaintiff filed his amended complaint. (Dkt. # 6.) The amended complaint again asserts Eighth and Fourteenth Amendment claims against Defendant based on improper food handling. (*Id.*) Plaintiff emphasizes that his concerns were substantiated at the administrative level, and alleges that the staff nevertheless "continue to take lids then put

1   bananas, condiments and milk cartons (touched by gloved hands) in and on our cooked exposed

2   foods." (*Id.* at 5.) Plaintiff seeks relief of "restoring proper food handling, that was done around

3   November of 2024," as well as punitive damages of $1,230,000.00 divided among all IMU

4   residents. (*Id.* at 9.)

5          Plaintiff's amended complaint fails to correct the deficiencies previously noted by the

6   Court. Plaintiff identifies only the speculative harm that his food might be contaminated. In

7   addition, Plaintiff's concern about food contamination is belied by his allegations that the food is

8   handled only by staff using gloves. Plaintiff further speculates as to "potentially other health

9   risks," alleging that his neighbor had "back to back" heart attacks in the last six months despite

10  never having one before. (Dkt. # 6 at 7.) Plaintiff fails to supply any factual allegations to

11  support a connection between potential food contamination and his risk of having a heart attack.

12  In order to state a claim for relief, the factual allegations of a complaint must be "enough to raise

13  a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

14  (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its

15  face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Plaintiff fails to offer any factual

16  allegations beyond speculation. Because Plaintiff has failed to state any viable claim for relief in

17  his pleadings, this action should be dismissed.

## III.    CONCLUSION

19         Based on the foregoing, the Court recommends that Plaintiff's amended complaint (dkt.

20  # 6) and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) and 28

21  U.S.C. § 1915(e)(2)(B) for failure to state a claim. The Court further recommends that this

22  dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this

23  Report and Recommendation.

1    Objections to this Report and Recommendation, if any, should be filed with the Clerk and

2  served upon all parties to this suit not later than **fourteen (14) days** from the date on which this

3  Report and Recommendation is signed. Failure to file objections within the specified time may

4  affect your right to appeal. Objections should be noted for consideration on the District Judge's

5  motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

6  be filed by **the day before the noting date**. If no timely objections are filed, the matter will be

7  ready for consideration by the District Judge on **July 29, 2025**.

8    The Clerk is directed to send copies of this Report and Recommendation to Plaintiff and

9  to the Honorable John H. Chun.

10    Dated this 8th day of July, 2025.

11

12    MICHELLE L. PETERSON
      United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

REPORT AND RECOMMENDATION - 4